IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Troy A. Brown, #319481, | ) C/A No.: 1:13-2583-DCN-SVH |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| | ) |
| Warden Willie L. Eagleton, | ) |
| | ) |
| Respondent. | ) |
| | ) |

Petitioner Troy A. Brown is an inmate at the Evans Correctional Institution of the South Carolina Department of Corrections who filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.) for a Report and Recommendation on Respondent's return and motion for summary judgment [Entry #19, #20], to which Petitioner timely filed a response [Entry #23].

Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's motion for summary judgment be granted.

I.     Factual and Procedural Background

On May 2, 2005, Petitioner and his wife had an argument that led to her going to her mother's home with their two-year old son. Petitioner broke into the back door of the mother's kitchen by throwing a floor jack through the glass door and repeatedly punched his wife in the face while threatening to kill her with knives he grabbed out of the kitchen drawers. In retreating to the bedroom, the wife was able to dial 911, throw the phone on the

1

bed, and leave the line open while Petitioner attempted to strangle her. Police arrived in time to obtain medical assistance for the wife and to find Petitioner hiding underneath a mattress.

Petitioner was indicted by the Charleston County grand jury during the October 2005 term of court for (1) burglary in the first degree ("burglary 1st") (2005-GS-10-7359) [Entry #19-6 at 49–50], (2) assault and battery with intent to kill ("ABWIK") (2005-GS-10-7360) [*Id.* at 52–53], and (3) kidnapping (2005-GS-10-7360) [*Id.* at 55–56]. He was represented by Rodney Davis, Esq., at a jury trial on January 8–10, 2007, before the Honorable Daniel F. Pieper. [Entry #19-1 at 3 *et seq.*]. The jury found Petitioner guilty of burglary 1st, assault and battery of a high and aggravated nature ("ABHAN"), and kidnapping. [Entry #19-6 at 14–15]. Judge Pieper sentenced Petitioner to concurrent terms of 18 years for burglary 1st, 10 years for ABHAN, and 18 years for kidnapping. *Id.* at 37.

Petitioner appealed his convictions and sentences to the South Carolina Court of Appeals ("Court of Appeals"). On appeal, Petitioner was represented by Robert M. Pachak, Esq., of the South Carolina Commission on Indigent Defense, Division of Appellate Defense, who filed an *Anders*[1] brief on or about October 22, 2007, raising the

---

[1] *Anders v. California*, 386 U.S. 738 (1967), requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal, furnish a copy of that brief to the defendant, and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. *Anders*, 386 U.S. at 744.

following issue: "Whether the trial court erred in refusing to grant a directed verdict to the charge of burglary in the first degree when appellant did not enter with the intent to commit a crime?" [Entry #19-8 at 4].

On October 9, 2008, the Court of Appeals filed an unpublished decision dismissing the appeal and granting counsel's petition to be relieved. [Entry #19-9]. The remittitur was issued on October 27, 2008. [Entry #19-10].

Petitioner filed an application for post-conviction relief ("PCR") on August 27, 2009. [Entry #19-6 at 58–65]. The PCR application raised a claim of ineffective assistance of counsel. *Id.* at 60.

A PCR evidentiary hearing was held before the Honorable Roger M. Young, Sr., on June 3, 2010, at which Petitioner and his PCR counsel, Alan R. Belcher, Esq., appeared. *Id.* at 71–118. On June 21, 2010, Judge Young filed an order of dismissal on Petitioner's claim for ineffective assistance of counsel. *Id.* at 119–25. Petitioner filed a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP, on July 6, 2010. *Id.* at 126–27. The court denied the motion in an order filed September 15, 2010. *Id.* at 132–33.

Petitioner appealed from the denial of PCR and was represented by Kathrine H. Hudgins, Esq., of the South Carolina Commission on Indigent Defense, Division of Appellate Defense, who filed a *Johnson*[2] petition for writ of certiorari in the South Carolina Supreme Court on or about August 17, 2011. [Entry #19-12]. The petition raised

---

[2] *See Johnson v. State*, 364 S.E.2d 201 (S.C. 1988). *Johnson* sets forth the procedures for counsel to follow when filing meritless appeals in state PCR cases pursuant to *Anders*, *supra*.

3

the following issue: "Did the PCR judge err in refusing to find counsel ineffective in admitting guilt for the ABHAN charge in both the opening and closing statements when the prosecuting witness provided conflicting accounts of the events forming the basis of the ABHAN charge?" *Id.* at 3.

Jurisdiction over the case was eventually transferred from the South Carolina Supreme Court to the South Carolina Court of Appeals. The Court of Appeals filed an Order denying certiorari and granting counsel's petition to be relieved on June 4, 2013. [Entry #19-13]. The remittitur was issued on June 21, 2013. [Entry #19-14].

Petitioner filed this federal petition for a writ of habeas corpus on September 19, 2013. [Entry #1-2 at 1].[3]

II.   Discussion

   A.   Federal Habeas Issues

Petitioner asserts he is entitled to a writ of habeas corpus on the following grounds:

**Ground One:**   Whether the trial court erred in refusing to grant a directed verdict to the charge of burglary in the first degree when appellant did not enter with the intent to commit a crime.

**Supporting Facts:** As the record reflects, after the victim perceived that there was going to be a domestic dispute she left

---

[3] Although the date stamp on the envelope containing the petitioner reflects September 28, 2013, as the date the SCDC mailroom received the envelope, this date appears to be an error, as the same envelope was received by the court on September 20, 2013, and docketed on September 23, 2013. Because Petitioner is incarcerated, he benefits from the "prison mailbox rule." *Houston v. Lack*, 487 U.S. 266 (1988). The date on his letter reflects it was mailed and postmarked September 19, 2013, which is the date that the undersigned will construe as the petition having been delivered to the Evans Correctional mailing system. [Entry #1-1 at 1, 2].

>appellant and went over to her mother's house. Appellant followed her over there and used a car jack to break the door to get inside the house, but his only intent was to talk to his wife. (ROA p. 383, line 1–p. 384 line 15).

**Ground Two:** Did the PCR judge err in refusing to find counsel ineffective in admitting guilt for the ABHAN charge in both the opening and closing statements when the prosecuting witness provided conflicting accounts of the events forming the basis of the ABHAN charge.

**Supporting Facts:** In opening counsel conceded guilt to the ABHAN charge (App. 99 line 23–p. l00, lines l–3). Likewise in closing counsel conceded the same thing. Tr. p. 455, line 4–p. 456, 1ines l–l7.

**Ground Three:** Trial counsel for Petitioner was ineffective and prejudiced the Petitioner by abandoning various defenses during opening and closing arguments to the jury.
**Supporting Facts:** Petitioner's counsel's opening arguments: "My client does not sit here claiming innocence. Let that sink in, we are not claiming innocence here, but we do have a dispute. . . . (Tr. at pp. 96–97; ll. 23-2). Petitioner's trial counsel's closing argument he indicated to the jury the following: "I told you the Defendant is guilty of something . . ." (Trial Transcript at p. 440, 441; ll. 17-8 and 4-6).

**Ground Four:** Petitioner's trial counsel rendered ineffective assistance of counsel in his failure to object to improper statements made by the Solicitor in her closing arguments.

**Supporting Facts:** In closing the Solicitor addressed the jury as follows: "Can you imagine? I mean just think about what Crystal was going through as she's sitting there, held at knifepoint, not free to go, being commanded to get a sock …. That's a horrible thing for anyone to have to go through. I'm sure especially horrible when it's from your own husband …." (Tr. Transcript at pp. 466–467).

[Entry #1 at 5–10].

5

### B.     Standard for Summary Judgment

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e). The federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

C.     Analysis of AEDPA Bar

    1.     AEDPA's Statute of Limitations

Respondent moves for dismissal, alleging that the petition was not timely filed under the one-year statute of limitations created by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), made effective on April 24, 1996. Because Petitioner filed his petition after the effective date of the AEDPA, review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Noland v. French*, 134 F.3d 208, 213 (4th Cir. 1998). The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Subsection (d) of the statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>     (A)   **the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review**;
>
>     (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)   **The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection**.

28 U.S.C. § 2244(d) (emphasis added).  Subsection (d)(1)(A) provides that the one-year statute of limitations begins to run on the date the petitioner's conviction becomes final, not after collateral review is completed. *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000). In South Carolina, a defendant must file a notice of appeal within ten days of his conviction. Rule 203(b)(2), SCACR. Thus if a defendant does not file a direct appeal, his conviction becomes final ten days after the adjudication of guilt. *Crawley v. Catoe*, 257 F.3d 395, 398 (4th Cir. 2001). If a defendant files a direct appeal and his conviction is affirmed, the conviction becomes final 90 days after the final ruling of the South Carolina Supreme Court. *Harris*, 209 F.3d at 328, n.1 (noting conviction becomes final on the expiration of the 90-day period to seek review by the United States Supreme Court from a state's highest court; *cf. Hill v. Braxton*, 277 F.3d 701 (4th Cir. 2002) (discussing procedure for district court's sua sponte timeliness analysis, noting limitations period begins to run when time for filing certiorari in the United States Supreme Court has elapsed).[4]

The statute of limitations is tolled during the period that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled for the entire period of the state post-conviction process, "from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." *Taylor v. Lee,* 186

---

[4] The *Hill* court did not discuss whether the state court that had dismissed the petitioner's appeal was the state court of last resort.

F.3d 557, 561 (4th Cir. 1999). "Following the denial of relief in the state courts in state habeas proceedings, neither the time for filing a petition for certiorari in the United States Supreme Court, nor the time a petition for certiorari is considered by the United States Supreme Court, is tolled." *Crawley v. Catoe,* 257 F.3d at 399.

A state collateral proceeding must be "properly filed" for the statutory tolling provisions of 28 U.S.C. § 2244(d)(2) to apply. "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (footnote omitted). "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002)). Generally, federal courts use Fed. R. Civ. P. 6(a) in computing periods of time under 28 U.S.C. § 2244(d)(2). *Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000).

In 2000, the Fourth Circuit held that the AEDPA's statute of limitations is not jurisdictional, but subject to the doctrine of equitable tolling. The court found that equitable tolling applies only in "those rare instances where—due to circumstances external to the [Petitioner's] own conduct—it would be unconscionable to enforce the limitation against the [Petitioner]." *Harris*, 209 F.3d at 330. In 2010, the United States Supreme Court squarely considered the issue and also held that § 2244 "is subject to equitable tolling in

9

appropriate cases." *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010); *cf. Pace v. DiGuglielmo*, 544 U.S. at 418 n.8 (noting Court assumed without deciding that AEDPA's statute of limitations could be equitably tolled for purposes of that decision because respondent assumed it did). The *Holland* Court reiterated its prior holding in *Pace* that the statute would be equitable tolled "only if [the petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S.Ct. at 2562 (*quoting Pace*, 544 U.S. at 418)).

Under § 2244(d), the state bears the burden of asserting the statute of limitations. *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002). Petitioner then bears the burden of establishing that his petition is timely or that he is entitled to the benefit of the doctrine of equitable tolling. *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003).

### 2.     Petitioner Did Not Timely File His Federal Petition

The undersigned finds Petitioner did not timely file his petition in this matter.  The AEDPA one-year period of limitation begins to run at the "conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Petitioner did not seek review by the United States Supreme Court, the AEDPA's one-year statute of limitations began running "at the expiration of the time" for seeking direct review in state court. 28 U.S.C. § 2244(d)(1)(A). Petitioner's judgment of conviction therefore became final "when his time for seeking review with the State's highest court expired."

*Gonzalez v. Thaler*, 132 S. Ct. 641, 653–54 (2012) (clarifying the Court's prior cases concerning 28 U.S.C. § 2244(d)(1)(A)).

Petitioner was found guilty and was sentenced on January 10, 2007. [Entry #19-6 at 37]. Petitioner's convictions became final on October 24, 2008—fifteen days after the Court of Appeals dismissed his direct appeal on October 9, 2008—the last date on which he could file a petition for rehearing. *See* Rule 242(c), SCACR ("A decision of the Court of Appeals is not final for purpose of review by the Supreme Court until the petition for rehearing or reinstatement has been acted on by the Court of Appeals"); *Ham v. Padula*, 2007 WL 2119862 *7 (petitioner's state court convictions became final when the state court of appeals dismissed the appeal at petitioner's request (and sent the remittitur)); *see Gonzalez v. Thaler*, 132 S.Ct. 641, 653-54 (2012) ("We now make clear … [that] [t]he text of § 2244(d)(1)(A), which marks finality as of 'the conclusion of direct review or the expiration of the time for seeking such review,' consists of two prongs.… For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the 'conclusion of direct review'—when this Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the 'expiration of the time for seeking such review'—when the time for pursuing direct review in this Court, or in state court, expires. We thus agree with the Court of Appeals that because Gonzalez did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired").

Accordingly, Petitioner's one-year statute of limitations period began running on October 25, 2008. Petitioner's filings of his PCR application on August 27, 2009, tolled the one-year limitations period. *See* 28 U.S.C. § 2244(d)(2). When Petitioner filed his PCR application, 306 days had elapsed, leaving 59 days within which he could have timely filed his federal habeas petition. The statute of limitations remained tolled until the Court of Appeals denied certiorari on June 4, 2013. The statute of limitations resumed on June 5, 2013, and expired 59 days later, on August 5, 2013. Petitioner did not file this habeas action until September 19, 2013, some 45 days after the statute of limitations had run. Thus, Petitioner's habeas petition is untimely under 28 U.S.C. § 2244(d).

Petitioner is barred from federal habeas review unless he can demonstrate that he diligently has been pursuing his rights and that extraordinary circumstances prevented his timely filing, which could equitably toll the statute of limitations.

### 3. Petitioner Has Not Demonstrated Entitlement to Equitable Tolling.

To benefit from the doctrine of equitable tolling, Petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland* at 2562 (quoting *Pace*, 544 U.S. at 418); *see also Rouse*, 339 F.3d at 246 (holding that, for equitable tolling to apply, petitioner must show that there was 1) an "'extraordinary circumstance,' 2) beyond his control or external to his own conduct, 3) that prevented him from filing on time.").

> a. Petitioner Has Not Demonstrated Reasonable Diligence

The undersigned is of the opinion that Petitioner's untimely filing should not be excused by equitable tolling under *Holland's* two-pronged test. First, Petitioner has not demonstrated he was reasonably diligent in pursuing his rights below. Petitioner's tardiness in filing this Petition in no manner suggests that he diligently pursued his rights. Petitioner has provided no explanation in ¶ 18 of the Petition concerning the timeliness of his Petition, and the court is unable to discern any argument for why the statute of limitations should be equitably tolled.

In his response to the motion for summary judgment, Petitioner appears to argue that he is entitled to tolling for 90 days from the denial of the writ on direct appeal to file his petition to the United States Supreme Court [Entry #23 at 2], however, the law does not support his argument. The Court's *Gonzalez* decision makes it clear that, for a petitioner who did not seek review by filing a petition for writ of certiorari in the United States Supreme Court, no time is added to the expiration of the "time for seeking review from the State's highest court." 132 S.Ct. at 653–54. The Court contrasted its finding as to § 2244's statute of limitations with its cases interpreting the statute of limitations found in 28 U.S.C. § 2255(f)(1), which is applicable to *federal* prisoners seeking habeas relief. *See* 132 S. Ct. at 653 (noting *federal* judgment of conviction begins "'when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari,' or, if a petitioner does not seek certiorari, 'when the time for filing the certiorari petition expires.'") (quoting *Clay v. United States,* 537 U.S. 522, 527 (2003)). Petitioner's

misunderstanding of the applicable law does not excuse his delay. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.") (internal quotations omitted); *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003) (rejecting equitable tolling where petitioner alleged lack of legal knowledge and legal resources), *cert. denied*, 540 U.S. 971 (2003); *see also Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (concluding equitable tolling applies only in rare instances where due to circumstances so external to the petitioner's own conduct, it would be unconscionable to enforce the limitation against the petitioner).

For these reasons, the undersigned is of the opinion that Petitioner has not satisfied the first-prong of *Holland's* two-pronged test for equitable tolling. *Holland* requires a petitioner to establish both prongs of the test to show entitlement to equitable tolling, so the court could end its analysis here.

                b.        Petitioner Has Not Demonstrated Extraordinary Circumstance

Independently, the undersigned opines that Petitioner cannot satisfy the second prong of the test because he has not set forth facts that could demonstrate an "extraordinary circumstance" kept him from timely filing this action. Petitioner has not presented any facts sufficient to permit a finding of an extraordinary circumstance that could entitle Petitioner to equitably toll the AEDPA's statute of limitations.

Accordingly, the undersigned is of the opinion that the petition should be dismissed on statute-of-limitations grounds. The filing was untimely, and Petitioner has not presented

14

facts sufficient to support his argument that the limitations period should be equitably tolled. *See Harris*, 209 F.3d at 330 (noting petitioner has burden of showing equitable tolling). The undersigned recommends that Respondent's motion for summary judgment be granted. Having found that the statute of limitations bars Petitioner's § 2254 petition, the undersigned is precluded from addressing the merits of his claims. *See Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995) (finding that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits).

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that Respondent's motion for summary judgment [Entry #20] be granted and the petition be dismissed with prejudice.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

April 29, 2014                                      Shiva V. Hodges
Columbia, South Carolina              United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

15

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).